# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 4347 | **DATE** | 1/4/2001 |
| **CASE TITLE** | PAMELA PERROTT vs. USA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Count III of Plaintiff's Second Amended Complaint is dismissed. Enter memorandum opinion and order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 17 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 57 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



PAMELA PERROTT and )
JOSEPH PERROTT, )
 )
Plaintiffs, )
 ) No. 96 C 4347
v. )
 ) Judge John W. Darrah
UNITED STATES OF AMERICA, )
 )
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Pamela Perrott (Pamela) and Joseph Perrott, filed suit against defendant, the United States of America (United States), alleging negligence and loss of consortium stemming from alleged injuries Pamela received from a bulk-mail container of the United States Postal Service. Plaintiffs subsequently amended the complaint (adding Count III), alleging a conspiracy to conceal evidence and spoliation of evidence arising under Sections 1983, 1985(2), and 1985(3) of the Civil Rights Act (42 U.S.C. §§ 1983, 1985(2), 1985(3)). Before this Court is defendant's Motion to Dismiss Count III of plaintiffs' Second Amended Complaint.

Pamela, an employee of United Airlines at O'Hare International Airport, was allegedly injured on or about October 26, 1993 while unloading mail cargo from a bulk-mail carrier when the metal door of the container dropped onto her head. In October of 1995, Pamela served a standard Form 95 as notice of her personal injury upon the United States Post Office. In April of 1996, plaintiff's filed their original complaint (No. 96 C 2206), which was voluntarily dismissed without prejudice in July, 1996. Subsequently, plaintiffs filed an amended complaint against the United

States, alleging negligence and loss of consortium. On October 2, 2000, plaintiffs filed a second amended complaint, adding Count III, alleging a conspiracy to conceal and/or spoliation of evidence. This complaint states that the action arises under Sections 1983, 1985(2), and 1985(3) of the Civil Rights Act as well as the First and Fourteenth Amendment.

In ruling on a motion to dismiss, the Court must accept the events as specified in the complaint as true, and all ambiguities are construed in favor of the plaintiffs. *Curtis v. Bembeneck*, 48 F.3d 281, 283 (7th Cir 1995). A count should not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993).

Defendant presents several theories to support its Motion to Dismiss Count III: (1) the statute of limitations bars the claims; (2) no § 1983 action can lie against the federal government; (3) plaintiffs' §§ 1985(2) and (3) claims are barred because plaintiffs did not allege that race underlies the alleged conspiracy; (4) the Postal Service cannot be liable under the intracorporate conspiracy doctrine; and (5) plaintiffs did not suffer any injury because of the alleged conspiracy.

First, defendant argues that plaintiffs' Second Amended Complaint is barred by the statute of limitations. Plaintiffs aver that the Second Amended Complaint relates back to the date of the original pleading. Under Federal Rule of Civil Procedure 15(c), an amended complaint relates back to the date of the original pleading "when the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth ... in the original pleading." Fed. R. Civ. P. 15(c)(2). The claims need only arise out of the same 'conduct, transaction, or occurrence'; the same substantive legal theory need not be alleged in both complaints. *Donnelly v. Yellow Freight System, Inc.*, 874 F.2d 402, 410 (7th Cir. 1989). Plaintiffs' Second Amended Complaint, adding Count III,

stems from the same conduct, transaction and occurrence set forth in plaintiffs' original pleading and dates back to such pleading.

Defendant next argues that plaintiffs' § 1983 claim must be dismissed because a § 1983 claim cannot lie against the federal government. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives another of his or her constitutional rights. 42 U.S.C. § 1983. To be entitled to relief under § 1983, the plaintiffs must allege that the defendant acted under color of state law. See *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996). The federal government and its officers act under color of federal law, not state law. See *Meiners v. Moriarity*, 563 F.2d 343, 348 (7th Cir. 1977).

In their response to defendant's Motion to Dismiss, plaintiffs allege that they have plead a cause of action pursuant to the holding in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and, therefore, the Court should not dismiss Count III. Plaintiffs' argument is not persuasive. A *Bivens* action is analogous to 42 U.S.C. § 1983 in that it recognizes a private right of action for damages against a federal agent acting under color of federal law for the agent's violations of federal constitutional rights. See *Carlson v. Green*, 446 U.S. 14, 18 (1980). *Bivens* claims against the United States or federal agents acting in their official capacity are barred by sovereign immunity. See, *e.g.*, *Kaufmann v. United States*, 840 F.Supp. 641, 648 (E.D.Wis. 1993); *Parsons v. Aguirre*, 123 F.R.D. 293, 298 (N.D.Ill. 1988); *Anderson v. Luther*, 521 F.Supp. 91, 96 (N.D.Ill. 1981). However, a *Bivens* claim can be brought against individual defendants acting in their personal capacities. See *Carlson*, 446 U.S. at 20; *Kaufmann*, 840 F.Supp. at 648.

In the instant case, plaintiffs' Second Amended Complaint does not allege a cause of action

3

pursuant to the *Bivens* doctrine and cannot be construed as such in that the complaint fails to allege any individuals acted in their personal capacities in a manner that violated plaintiffs' federal constitutional rights.

Defendant also argues that plaintiffs' remaining claims under Sections 1985(2) and 1985(3) must be dismissed. The United States, and derivatively federal employees sued in their official capacities, has not waived its sovereign immunity by consenting to suit under the civil rights statutes, and is, therefore, not subject to suit under 42 U.S.C. § 1985. However, federal officials may be sued in their personal capacities pursuant to 42 U.S.C. § 1985. *Kaufmann*, 840 F.Supp. at 648. Here, plaintiffs filed suit against the United States and did not allege federal officials acted in their personal capacities to conspire against plaintiffs.

In addition, plaintiffs have failed to allege facts demonstrating that class-based discrimination was the basis for the federal employees' conduct. Plaintiffs must allege facts demonstrating that class-based discrimination was the reason for defendant's conduct to withstand a motion to dismiss claims under the second clause of § 1985(2) or under § 1985(3). See *Payton v. Rush-Presbyterian-St. Luke's Medical Center*, 184 F.3d 623, 632 (7th Cir. 1999); *Wright v. Ill. Dept. of Children & Family Services*, 40 F.3d 1492, 1507 (7th Cir 1994); *Love v. Bolinger*, 927 F.Supp. 1131, 1140 (N.D.Ill. 1996).

Last, defendant argues that Count III should be dismissed because it is barred by the intracorporate conspiracy doctrine. Plaintiffs did not respond to defendant's intracorporate conspiracy doctrine argument. Under the intracorporate conspiracy doctrine, a conspiracy cannot exist solely between members of the same entity. *Payton*, 184 F.3d at 632; *Wright*, 40 F.3d at 1508. A corporation's or government entity's employees, acting as agents of the corporation or

4

government, are deemed incapable of conspiring among themselves or with the corporation or government entity. *Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000). The doctrine extends to managers, supervisors, and subordinates so long as all the individuals are working for the corporation's or governmental entity's interest. *Dickerson*, 200 F.3d at 767; *Payton*, 184 F.3d at 633. The doctrine can be applied to § 1985 claims (*Payton*, 184 F.3d at 632-33) and § 1983 claims where the defendant's ability to injure the plaintiff is derived soley from their positions within the entity for which they work and the influence they wield therefrom (*Tabor v. City of Chicago*, 10 F.Supp.2d 988, 994 (N.D.Ill. 1998)).

In the instant case, plaintiffs allege that several employees of the United States Postal Service conspired against plaintiffs. The facts of the case support the application of the intracorporate conspiracy doctrine to Count III. Plaintiffs have not alleged that any persons outside the employment of the United States Post Office conspired to deprive them of their constitutional rights. In addition, defendant's ability to injure plaintiffs was derived soley from their official positions as United States Post Office employees. The employees of the United States Postal Service are considered to constitute a single entity that cannot conspire with itself and bar Count III of plaintiffs' Second Amended Complaint.

Count III of plaintiffs' Second Amended Complaint is dismissed.

Dated: January 4, 2001

JOHN W. DARRAH
United States District Judge

5